IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, MTM ACQUISITION, INC. d/b/a *Portland Press Herald, Maine Sunday Telegram*, *Kennebec Journal*, and *Morning Sentinel*, and SJ ACQUISITION, INC. d/b/a *Sun Journal*,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES T. GLESSNER, in his Official Capacity as State Court Administrator for the State of Maine Judicial Branch, and PETER SCHLECK, in his Official Capacity as Clerk of the Penobscot County Superior Court,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil No. _____ |

**COMPLAINT**
**(INJUNCTIVE RELIEF REQUESTED)**

1.      Plaintiffs Courthouse News Service, a national news organization covering civil litigation; MTM Acquisition, Inc., publisher of the *Portland Press Herald,* the *Maine Sunday Telegram*, the *Kennebec Journal* and the *Morning Sentinel* newspapers; and SJ Acquisition, Inc., publisher of the *Sun Journal* newspaper, bring this action for declaratory and injunctive relief from a policy of the Maine court system that unconstitutionally impairs Plaintiffs' First Amendment right to access civil complaints and other court records.

2.      The courts of this nation have long recognized a First Amendment right of access to civil court records. To serve as the eyes and ears of the public and advance the essential

1

17049315.1

democratic values of transparency and accountability, journalists must be able to review and copy court records. Given the importance of these values and the time-sensitive nature of news reporting, the right of access has been held to attach at the moment the court receives a judicial record; access cannot be delayed until the document becomes yesterday's news. *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) ("even a one to two day delay" in access to court records "impermissibly burdens the First Amendment"); *see also Courthouse News Service v. Planet*, 947 F.3d 581, 585 (9th Cir. 2020) (striking down policy delaying public access to electronically filed court records until after clerk processing).

3.      In December 2020, the State of Maine Judicial Branch enacted a rule requiring court clerks to deny press and public access to electronically filed civil complaints and associated judicial records until three business days after the court receives and accepts proof that at least one defendant has been served with process. This mandatory delay serves no legitimate state interest, and it violates the First Amendment right of contemporaneous access to court records.

4.      The Maine courts are adopting mandatory electronic filing on a court-by-court basis. The Penobscot County Superior Court is one of the first to require electronic filing. In late January, the clerk's office of that court informed Plaintiff Courthouse News that, contrary to past practice, it will not disclose any newly filed civil complaints until three business days after a return of service is docketed. Under the Maine Rules of Civil Procedure, a plaintiff has 90 days from filing to serve process. Such mandatory delays are expected to be imposed by other state trial courts in the coming months as they adopt electronic filing.

5.      The delays in media access to new complaints imposed by the court system, implemented by the Penobscot County Superior Court and expected to be implemented by other courts, are inflicting and will inflict harm to the First Amendment rights of the Plaintiffs. Such

2

17049315.1

harm is deemed irreparable as a matter of law. Plaintiffs therefore seek a declaration that Maine rule violates their First Amendment right of access to judicial records, and seek appropriate injunctive relief.

JURISDICTION AND VENUE

6.   Plaintiffs' claims arise under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 U.S.C. §§ 1983-1988. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights) and 2201 (declaratory relief). Defendants are subject to personal jurisdiction in this judicial district.

7.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendants reside in Maine. Both Defendants are employed in this district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

PARTIES

8.   Courthouse News Service ("Courthouse News") is a California corporation with its principal place of business in Pasadena, California. Courthouse News was founded almost 30 years ago because a great deal of news about civil litigation was going unreported by traditional news media, a trend that has only increased in the last decade. Courthouse News now employs approximately 240 people, most of them editors and reporters, covering state and federal trial and appellate courts in nearly all states.

9.   MTM Acquisition, Inc. is a Maine corporation with a principal place of business in South Portland, Maine. It publishes the *Portland Press Herald, Maine Sunday Telegram, Kennebec Journal,* and *Morning Sentinel* newspapers.

10.   SJ Acquisition, Inc. is a Maine corporation with a principal place of business in Lewiston, Maine. It publishes the Sun Journal newspaper.

3

11.     MTM Acquisition, Inc. and SJ Acquisition, Inc. will be referred to collectively herein as the "Maine Newspaper Plaintiffs."

12.     Defendant James T. Glessner is the State Court Administrator of the State of Maine Judicial Branch. On information and belief, Glessner oversees all court operations for the Judicial Branch, including the provision of access to court records.

13.     Acting in his official capacity, Glessner, along with those acting under his direction and supervision, have implemented the policy of the State of Maine Judicial Branch that unconstitutionally delays access to electronically filed civil court records until three business days after docketing of proof of service on a defendant.

14.     Glessner's acts and omissions, as alleged in this Complaint, are under the color of Maine law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On information and belief, Glessner's primary place of employment is in Cumberland County, Maine.

15.     Glessner is sued in his official capacity only. Plaintiffs seek declaratory and injunctive relief against Glessner and his agents, assistants, successors, employees, and all persons acting in concert or cooperation with him or at his direction or under his control.

16.     Defendant Peter Schleck is the Clerk of the Penobscot County Superior Court in Bangor, Maine. Schleck is responsible for the administration of court records of the Penobscot County Superior Court.

17.     Acting in his official capacity, Schleck, along with those acting under his direction and supervision, have implemented a policy of the State of Maine Judicial Branch that unconstitutionally delays access to electronically filed civil court records until three business days after docketing of proof of service on a defendant.

4

17049315.1

18.     Schleck's acts and omissions, as alleged in this Complaint, are under the color of Maine law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On information and belief, Schleck's primary place of employment is in Penobscot County, Maine.

FACTUAL ALLEGATIONS

19.     Plaintiffs are news organizations that have covered the Maine courts for decades.

20.     Courthouse News Service offers its readers a variety of publications. Its New Litigation Reports, sent by email to subscribers each evening, contain original, staff-written summaries of significant new civil petitions or complaints.

21.     Other Courthouse News publications include a monthly newsletter, the *Entertainment Law Digest*, as well as the *Daily Brief*, which covers appellate rulings nationwide, including all U.S. Supreme Court and federal circuit decisions, state supreme court and appellate court decisions, as well as significant rulings from the federal district courts. Courthouse News also publishes a freely available website, www.courthousenews.com, featuring news reports and commentary, which is read by roughly 30,000 people every weekday. The website functions much like a daily newspaper, featuring staff-written articles from across the nation that are posted throughout the day and rotated on and off the page on a 24-hour news cycle.

22.     Courthouse News has been credited as the original source of reporting on numerous topics by a wide range of publications, including: *The Mercury News, ABA Journal*, ABC News, *The Atlantic, Austin American Statesman*, Black Christian News Network, *California Bar Journal*, CBS News, *The Christian Science Monitor*, The Daily Beast, *The Dallas Morning News*, Forbes, Fox News, *The Guardian*, The Hill, *Houston Chronicle*, The Huffington Post, *Long Island Press*, *Los Angeles Times*, *Mother Jones*, National Public Radio (NPR); NBC News, *New York Daily News*, *New York Magazine*, *The New York Times*, *The Orange County*

5

*Register*, Politico, *Rolling Stone*, *Salt Lake City Tribune*, *San Antonio Express-News*, Slate, *The Telegraph* (UK), *The Wall Street Journal*, *The Washington Post*, *The Washington Times*, *Women's Health Policy Report*, United Press International (UPI), *USA Today*, *U.S. News and World Report* and the YouTube news channel. American, Canadian, and New Zealand radio shows have interviewed Courthouse News reporters.

23.    Courthouse News has more than 2,200 subscribers nationwide, including law firms, law schools, government offices, and news outlets such as The Associated Press, *Austin American-Statesman, The Atlanta Journal Constitution*, *The Boston Globe*, Buzzfeed, CNN, *The Dallas Morning News*, *Detroit Free Press*, International Consortium of Investigative Journalists, Fox Entertainment Group, *Honolulu Civil Beat, Las Vegas Review Journal, Los Angeles Business Journal, Los Angeles Times*, North Jersey Media Group, *Pacific Coast Business Times, Portland Business Journal, St. Paul Business Journal, The Salt Lake Tribune*, *The San Jose Mercury News, San Antonio Express News*, *Tampa Bay Business Journal*, *The Wall Street Journal*, Variety, Walt Disney Company and Warner Bros. Among academic institutions, subscribers to Courthouse News' New Litigation Reports include Boston College Law School, Boston University, Case Western Reserve University, Harvard Law School, Loyola Law School, MIT Sloan School of Management, Southern Illinois University School of Law, UC Hastings College of Law, and UCLA School of Law. A majority of the nation's large and mid-sized law firms also subscribe to one or more Courthouse News publications. Other businesses, including large publicly traded companies, government entities, and non-profit organizations, also subscribe to Courthouse News publications.

24.    Courthouse News does not seek to review or report on the small fraction of new civil complaints that are statutorily confidential or accompanied by a motion to seal.

6

17049315.1

25.    To prepare the New Litigation Reports and identify new cases that may warrant a website article, Courthouse News' reporters traditionally visit their assigned court on a regular basis to review all new complaints filed with the court and determine which ones may be of interest to Courthouse News' readers. Given the time-sensitive nature of news, any delay in the ability of a reporter to obtain and review new complaints necessarily diminishes the value of the journalism Courthouse News can provide.

26.    Reporters for the Maine Newspaper Plaintiffs also review new civil complaints to identify cases that may be of interest to their readers, and regularly cover cases pending in Maine's civil justice system.

27.    Effective December 15, 2020, the Maine Supreme Judicial Court amended Rule 4 of the Maine Rules of Electronic Court Systems. The amended rule provide that clerks must withhold press and public access to electronically filed civil documents until three business days after the court receives and accepts a proof of service demonstrating that at least one defendant has been served with process in the case. Specifically, Rule 4(A) of the Maine Rules of Electronic Court Systems provides, "No court record will be accessible by the public until three business days after the court clerk has accepted the submissions of both the case initiating documents and proof of service of process of those documents on at least one defendant." "Accept," under the rules, is defined as "approval by the court clerk of an electronic document submitted to the electronic filing system." (Maine Rules of Electronic Court Systems, Rule 2). The rule does not state a timeframe within which a court clerk must "accept" a filed electronic document. A document is filed when the court receives it.

28.    The new rule automatically denies access to new civil complaints for a minimum of three business days after filing. The actual delay will often be, and has been, much longer,

7

17049315.1

both because there is usually a delay between the date of filing and the date of service, and because under the Maine Rules of Civil Procedure, a plaintiff has a full 90 days after filing a complaint to submit a proof of service. Me. R. Civ. P. 3.

29.    Before the e-filing rules went into effect, Courthouse News' reporter covering the Penobscot County Superior Court could review and report on newly filed civil complaints by reviewing them in paper form and copying them at the courthouse. Since the adoption of electronic filing, however, the reporter's review of new complaints has been substantially delayed. For example, in the case of a complaint filed on January 11, 2021, *City of Bangor v. Kim Dalton et al.,* No. PENSC-CIV-2021-00003, the court accepted a proof of service on January 25, and did not release the complaint to CNS until January 28, a full 17 days after the complaint was first filed. Two complaints filed on January 14, 2021, PENSC-CIV-2021-00005 and 00006, remain unavailable to this day because of the "no-access-until-three-days-after-proof-of-service" rule.

30.    E-filing should make it easier for courts to provide timely access to new complaints. E-filing software automates basic intake tasks that clerks previously had to perform manually. E-filers may use e-filing software to enter case information before submitting a new complaint. Based on that information, the e-filing software can sort new, non-confidential complaints into an electronic review queue. In those courts that provide public access to their review queues, this means that the press can report on new complaints right after they are filed.

31.    Instead of taking advantage of the opportunity e-filing presents to speed up and automate access to judicial records, Maine Judicial Branch has denied access to new complaints for prolonged periods, in violation of the First Amendment.

17049315.1

32.    The State of Maine, on information and belief, has articulated no justification for denying access to court records until after acceptance of a proof of service. On information and belief, no such justification exists.

33.    There is no practical impediment to providing immediate, pre-service access to electronically filed, non-confidential civil complaints. Courts in other states provide such access, before processing by court staff has been completed, using an electronic review queue that allows credentialed members of the press to access new e-filed complaints as soon as they are received by the court. They do this through a variety of e-filing software platforms developed internally or licensed from different vendors. Courts that do this include e-filing state courts in Alabama, California, Connecticut, Georgia, Hawaii, Nevada, New York, and Utah.

32.    In California, the Superior Courts in Fresno, Kern, Monterey, Santa Barbara and Santa Clara counties use the same e-filing and case management platform as the Maine Judicial Branch: "eFile" by Tyler Technologies. The same is true in the metro courts around Atlanta and the Superior Court in Las Vegas, Nevada, all using the same Tyler Technologies software. These courts provide timely access through a "Press Review Queue" feature that allows the press to view new complaints without waiting for court staff to process them first.

33.    Courthouse News has requested, but has not been granted, access to a press review queue in Maine.

34.    The state courts' adherence to the "no-access-until-three-business-days-after-proof-of-service" rule, and their failure to provide immediate access to non-confidential, electronically filed civil complaints, violates the First Amendment right of access to court records.

9

**COUNT ONE**

(Violation of U.S. Const. Amend. I and 42 U.S.C. § 1983)

35.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

36.     Defendants' actions and policies under color of state law, including without limitation the policy of withholding all electronically filed civil complaints from press and public view until three business days after the court has accepted a return of service on a defendant, and the resulting denial of timely access to judicial records upon receipt, deprive Plaintiffs, and by extension their readers and subscribers, of the right of access to public court records secured by the First Amendment to the U.S. Constitution.

37.     The right of access to judicial records arises when the records are received by the court. Access to court filings may be restricted only if the restrictions are essential to preserve higher values and are narrowly tailored to serve those interests. To satisfy this rigorous standard, Defendants must demonstrate that there is a substantial probability that the court system's asserted overriding interests would be impaired by immediate access, and that no reasonable alternatives exist to adequately protect those interests. Defendants cannot satisfy this test.

38.     Plaintiffs have no adequate remedy at law to prevent or redress Defendants' unconstitutional acts and policies, and will suffer irreparable harm as a result of the violation of their First Amendment rights. Plaintiffs are therefore entitled to a declaratory judgment and a permanent injunction to prevent further deprivation of their First Amendment rights and the rights of their readers and subscribers.

PRAYER FOR RELIEF

WHEREFORE, Courthouse News Service, MTM Acquisition, Inc., and SJ Acquisition, Inc., respectfully request judgment against Defendants as follows:

10

17049315.1

1.    A declaratory judgment pursuant to 28 U.S.C. § 2201 that there is a First Amendment right of access to civil complaints and other civil judicial records;

2.    A declaratory judgment pursuant to 28 U.S.C. § 2201 that the First Amendment right of access to civil complaints and other civil judicial records attaches upon receipt of such records by the court;

3.    A declaratory judgment pursuant to 28 U.S.C. § 2201 that Rule 4 of the Maine Rules of Electronic Court Systems violates the Plaintiffs' First Amendment right of contemporaneous access to court records;

4.    A preliminary and permanent injunction against Defendants, including their agents, assistants, successors, employees, and all persons acting in concert or cooperation with them, or at their direction or under their control, prohibiting Defendants from continuing their policy of denying immediate access to civil complaints and associated court records.

5.    An award of costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

6.    All other relief the Court deems just and proper.

Dated: February 3, 2021

Respectfully submitted,
COURTHOUSE NEWS SERVICE,
MTM ACQUISITION, INC., and
SJ ACQUISITION, INC.,

By their attorneys,

 /s/ Sigmund D Schutz
Sigmund D. Schutz
Jonathan S. Piper
Preti, Flaherty, Beliveau & Pachios, Chartered, LLP
One City Center
Portland, ME 04101
T: 207-791-3000
F: 207-791-3111
sschutz@preti.com
jpiper@preti.com

11

17049315.1

*Of counsel:*

Jeffrey J. Pyle *Pro hac vice* pending
Mass. BBO # 647438
jpyle@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

12

17049315.1