UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| BANGOR PUBLISHING COMPANY, ) | |
| ) | Civil No. 1:21-cv-00040-NT |
| Intervenor-Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES T. GLESSNER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS INTERVENOR BANGOR PUBLISHING COMPANY'S FIRST AMENDED COMPLAINT, WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants James T. Glessner and Peter Schleck hereby move to dismiss Intervenor Bangor Publishing Company's ("BPC") First Amended Complaint (ECF No. 15).

BPC's First Amended Complaint is nearly identical to Plaintiffs' First Amended Complaint, and the only differences concern descriptions of the filing party. *Compare* ECF No. 14 *with* ECF No. 15. Dismissal of BPC's First Amended Complaint is therefore warranted for the same reasons identified in Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 16). Specifically, dismissal is appropriate because (1) the Maine Supreme Judicial Court ("SJC") has abrogated the current version of M.R. Elec. Court Sys. ("RECS Rule") 4(A)(1), such that BPC's claim for relief from that rule is moot, and (2) the portion of BPC's claim that concerns the amended version of the same rule is not ripe for adjudication, and even if it were, the claim fails as a matter of law.

## MEMORANDUM OF LAW

### Factual background[1]

Defendants respectfully direct the Court to the factual background described in Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, (ECF No. 16 at 2-5), which Defendants incorporate by reference.

On February 19, 2021, BPC filed a Motion to Intervene and attached a presumptive intervenor complaint (ECF No. 12). Following Plaintiffs' filing of a First Amended Complaint on February 25, 2021 (ECF No. 14), BPC followed suit, filing its own First Amended Complaint on March 1, 2021 (ECF No. 15). After a conference of counsel, Defendants indicated that they would not oppose BPC's Motion to Intervene (ECF No. 20). Thereafter, on March 8, 2021, the Court granted BPC's Motion to Intervene, treating BPC's First Amended Complaint as its operative intervenor complaint (ECF No. 21 (minute entry)).

In a single claim, BPC's First Amended Complaint challenges both the abrogated and amended versions of RECS Rule 4(A)(1) as violative of the First Amendment. As to the abrogated version, BPC contends that it has delayed access to filings for "days, and in some cases weeks." *See* BPC First Am. Compl. ¶ 3. As to the amended version of RECS Rule 4(A)(1), BPC suggests that it will result in an access delay of "up to '24 business hours'" for clerk office processing based on a notice that was issued under the now-abrogated rule. *Id*. ¶ 31. BPC does not allege how long it ultimately took for the document to which that notice applied to be processed, nor has it provided any statistics on how long examination of documents has taken under the amended version of RECS Rule 4(A)(1), given the rule has yet to take effect. BPC seeks injunctive and declaratory relief. *Id*. at 12-13.

---

[1] The well-pleaded facts in BPC's First Amended Complaint are taken as true solely for purposes of this Motion. *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018).

**Applicable Legal Standards**

A motion to dismiss under Rule 12(b)(1) tests whether the Court has subject-matter jurisdiction over the claims asserted in a complaint. It is BPC's burden to clearly allege facts demonstrating that it may invoke federal jurisdiction. *Marcello v. Maine*, 464 F. Supp. 2d 38, 41 (D. Me. 2006). In deciding a motion brought under Rule 12(b)(1), the Court is not confined to the pleadings, and may consider other reliable materials in the record that "illuminate[ ], supplement[ ], or even contradict[ ] . . . other materials in the … record." *Aguilar v. U.S. Imm. & Customs Enf. Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 8 (1st Cir. 2007).

A motion to dismiss brought under Rule 12(b)(6) concerns the legal sufficiency of a complaint. When adjudicating a motion to dismiss brought pursuant to Rule 12(b)(6), the Court "take[s] the complaint's well-pleaded facts as true" and "draw[s] all reasonable inferences in the plaintiff['s] favor." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018). Although a complaint need not contain detailed factual allegations to pass muster, the plaintiff must make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 557 (2007)); *see also Barchock*, 886 F.3d at 48 ("Well-pleaded facts must be 'non-conclusory' and 'non-speculative.'"). In deciding a motion brought under Rule 12(b)(6), the Court may consider not only the allegations in the complaint, but also documents referred to or attached to the complaint, documents integral to the complaint, and any relevant matter that can be judicially noticed, such as public records. *See Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008).

3

## Argument

### I.     BPC's Challenge to the Abrogated Version of RECS Rule 4(A)(1) is Moot

Defendants respectfully direct the Court to the portion of their already-filed Motion to Dismiss wherein they described why Plaintiffs' claim pertaining to the abrogated version of RECS Rule 4(A)(1) is moot (ECF No. 16 at 6-7). The same argument applies with equal force to BPC's First Amended Complaint. As of Monday, March 15, 2021, the targeted rule will no longer be in force, and neither Plaintiffs nor BPC have even suggested there is any risk that the SJC will re-implement the rule in the future. That portion of BPC's claim is therefore moot.

### II.    BPC's Challenge to the Amended Version of RECS Rule 4(A)(1) is Unripe for Adjudication and Fails as a Matter of Law

#### A.  BPC's claim is not ripe.

Defendants respectfully direct the Court to the portion of their already-filed Motion to Dismiss wherein they described why the portion of Plaintiffs' claim pertaining to the amended version of RECS Rule 4(A)(1) is unripe (ECF No. 16 at 8-9). For the same reasons, BPC's claim is unripe. Amended RECS Rule 4(A)(1) has not yet taken effect. While the SJC expects that the duration of review of newly-filed documents for compliance with filing rules will not exceed four business hours in all but the most extraordinary cases, it is impossible to know for sure until the rule has been in effect for some time. BPC's claim is thus rooted in little more than speculation about the length of any access delay in practice.

#### B.  BPC's claim fails as a matter of law.

Defendants respectfully direct the Court to the portion of their already-filed Motion to Dismiss wherein they described why the portion of Plaintiffs' claim pertaining to the amended version of RECS Rule 4(A)(1) fails as a matter of law (ECF No. 16 at 10-14). Consistent with the case law concerning public access to court records, a delay of only a few hours occasions no First

Amendment concern.  BPC likewise has no right of access to documents submitted to—but not yet filed with—a state court, and, in any event, the SJC has ample reason to not permit public access to documents before they are filed.

## Conclusion

Defendants respectfully request that BPC's First Amended Complaint be dismissed.

Respectfully submitted,

Dated: March 10, 2021                AARON M. FREY
                                     Attorney General

                                     /s/ Jason Anton
                                     JASON ANTON
                                     Assistant Attorney General

                                     THOMAS A. KNOWLTON
                                     Deputy Attorney General

                                     Office of the Attorney General
                                     6 State House Station
                                     Augusta, ME 04333-0006
                                     Tel. (207) 626-8800

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2021, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants as identified in the CM/ECF electronic filing system for this matter.

Dated: March 10, 2021

/s/ Jason Anton
JASON ANTON
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800