UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

COURTHOUSE NEWS SERVICE, *et al*.,      )
                                         )
                        Plaintiffs       )
                                         )
BANGOR PUBLISHING COMPANY,               )
                                         )         Civil No. 1:21-cv-00040-NT
                   Intervenor-Plaintiff  )
                                         )
            v.                           )
                                         )
JAMES T. GLESSNER, *et al.*,             )
                                         )
                        Defendants.      )

**DEFENDANTS' CONSOLIDATED REPLY MEMORANDUM
IN FURTHER SUPPORT OF THEIR MOTIONS TO DISMISS**

Defendants James T. Glessner and Peter Schleck submit this consolidated reply memorandum in further support of their motions to dismiss Plaintiffs' First Amended Complaint (ECF No. 16) and Intervenor's First Amended Complaint (ECF No. 22).

Plaintiffs'[1] opposition rests on a straw man. They have constructed—and then challenged—an access delay of 4 to 24 business hours that the record simply does not support. Their reliance upon a manufactured delay both illustrates why this case is unripe for adjudication and underscores why Plaintiffs have failed to state a viable First Amendment claim.

The sole indication of how the amended Maine Rules of Electronic Court Systems ("RECS Rules") will operate in practice is the Supreme Judicial Court's expectation that entry of newly-submitted civil cases will generally take no longer than four business hours. Decl. of James T. Glessner (ECF No. 16-1) ("First Glessner Decl.") ¶ 12. Unhappy with this projection, Plaintiffs

---

[1] Plaintiffs' and Intervenor's Oppositions are essentially identical. *See* ECF Nos. 24, 28. This memorandum accordingly refers to Plaintiffs and Intervenors collectively as "Plaintiffs," and cites solely to Plaintiffs' opposition.

question its basis.  *See* Pls.' Opp'n (ECF No. 24) 6.  But the Supreme Judicial Court (SJC) is best able, based on its knowledge of available resources and the electronic court records pilot project at issue, to forecast implementation of the amended RECS Rules.  In fact, Plaintiffs implicitly recognize the primacy of court projections by relying on one that was delivered by email under the abrogated RECS Rules.  *See id.* at 5.  As State Court Administrator James T. Glessner explained, however, that email message is both outdated and does not reflect how clerks have been instructed, or how resources have been allocated, under the amended version of the RECS Rules that took effect on March 15, 2021.  *See* First Glessner Decl. ¶ 15; Second Decl. of James T. Glessner (ECF No. 29-1) ("Second Glessner Decl.") ¶¶ 4-5.[2]

It is also not the case, as Plaintiffs assert, Pls.' Opp'n 7, that the SJC stopped enforcing the old version of the RECS Rules prior to the new RECS Rules taking effect on March 15, 2021.  The SJC authorized pilot courts to make a temporary, limited exception for paper copies of court records, but as in plain in the text of the rules themselves, the abrogated RECS Rules remained in force until March 15.  *See* Temporary Standing Order (Mar. 12, 2021); Amendment to Maine Rules of Electronic Court Systems, 2021 Me. Rules 02 (Feb. 22, 2021); *see also* Second Glessner Decl. ¶ 4.  Accordingly, no matter how long it took for new cases to be entered prior to March 15, *see* Pls.' Opp'n 6, they provide no guidance on the duration of the entry process under the amended RECS Rules.

As set forth below, given this foundational flaw in Plaintiffs' case, their First Amended Complaint should be dismissed both because it is unripe for adjudication and fails to state a claim.

---

[2]  While the SJC's projection falls outside the record for the Rule 12(b)(6) branch of Defendants' motions, the fact that Plaintiffs rely solely on a message sent under the abrogated RECS Rules may certainly be considered by the Court.  The age and circumstances of that message demonstrate why Plaintiffs' have not plausibly alleged a 4- to 24-hour access delay under the current RECS Rules.

### A.  Plaintiffs' Claim Is Unripe.

Plaintiffs seek to minimize their obligation to demonstrate ripeness, contending that the governing standard should be relaxed.  Pls.' Opp'n 8.  But as Defendants' explained in their consolidated opposition to Plaintiffs' motions for a preliminary injunction, *see* Defs.' Consolidated Mem. in Opp'n to Mots. for PI (ECF No. 30) ("PI Opp'n") 7, the case Plaintiffs cite merely stands for the proposition that ripeness requirements may sometimes be relaxed in cases involving a potential chilling effect.  *See Sullivan v. City of Augusta*, 511 F.3d 16, 31 (1st Cir. 2007).  Plaintiffs have not alleged any such risk here, nor could they plausibly have done so, because the First Amendment harm that Plaintiffs claim does not stem from a prohibition of speech.

That said, Plaintiffs also have not established a risk of "irretrievable loss," Pls.' Opp'n 8, given the amended RECS Rules on their face do not delay or restrict access.  *See* RECS Rule 4(A)(1) ("[A] court record in a civil case is accessible by the public upon entry into the electronic case file.").  The question in this case is instead whether the amended RECS Rules, and specifically those dealing with the entry of new civil cases submitted to the e-fileMaine e-filing portal, *result* in an access delay that runs afoul of the First Amendment.

This is the precise question on which there is insufficient clarity to permit adjudication.  *Reddy v. Foster*, 845 F.3d 493, 500-01 (1st Cir. 2017) (even for facial challenge, controversy must be "of sufficient immediacy and reality to warrant the issuance of the judicial relief sought" (cleaned up)).  Plaintiffs have not plausibly alleged what impact the amended RECS Rules have had to date or will have in the future.  Rather, as they admit in their complaint, the magnitude of any such delay remains "undefined."  First Am. Compl. ¶ 39 (ECF No. 14).  While the impact of the amended RECS Rules will likely become clearer over the coming months—as of the date of this memorandum, they have only been in effect for just over a month in a few pilot program

courts—at present Plaintiffs' claim "depends upon facts that [are] not yet . . . sufficiently developed." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535 (1st Cir. 1995). Their claim is therefore straightforwardly unripe for adjudication.

Plaintiffs' request for a "press review queue" does not establish otherwise. *See* Pls.' Opp'n 9. While the merits of Plaintiffs' request are addressed below, Plaintiffs have not claimed that they have a First Amendment right to a press review queue. Accordingly, unlike the request at issue in *Flynt v. Rumsfeld*, 355 F.3d 697 (D.C. Cir. 2004), where the plaintiffs claimed that a denial of the precise access they requested was unconstitutional, *id*. at 702-03, the SJC's decision not to implement a press review queue does not render Plaintiffs' claim ripe. Rather, their claim remains "contingent [on] future events," *Reddy*, 845 F.3d at 500 (quoting *Texas v. U.S.*, 523 U.S. 296, 300 (1998)), namely whether and to what degree the amended RECS Rules result in a delay in access to newly-filed civil cases.

### B. Plaintiffs Have Failed to State a Viable First Amendment Claim.

If the Court were to draw any conclusion as to impact of the amended RECS Rules, all the record supports is a presumption that the SJC's projection is accurate, i.e., that in all but extraordinary circumstances, newly submitted civil cases will be entered and made available to the public within four business hours of submission.[3] Such a delay, if it can be even be characterized as such, does not violate the First Amendment.

As an initial matter, Defendants certainly did not admit to the existence of any more than a "negligible" delay. *See* Pls.' Opp'n 11. Quite the opposite. Defendants pointed out Plaintiffs' failure to allege "any more than a negligible delay." Defs.' Mot. To Dismiss Pls.' First Am.

---

[3] Again, while this projection by the SJC is outside the four corners of the complaint, Plaintiffs have not plausibly alleged a delay of any type under the amended RECS Rules. Plaintiffs' failure to do so not only highlights their inability to demonstrate ripeness, but also illustrates why the only way to reach the merits is to accept the SJC's projection as face value.

Compl. ("Defs.' MTD") 10.  That failure reinforces two reasons why Plaintiffs have failed to state a viable First Amendment claim.

*First*, the amended RECS Rules do not result in any delay in access to newly-filed civil cases, those to which any qualified right of access attaches.  *See* PI Opp'n 12 (citing, *inter alia*, *Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020)).[4]  As Defendants explained in their consolidated opposition to Plaintiffs' motions for a preliminary injunction, it is entirely reasonable for the SJC—the entity that defines what filing in state courts entails—to not deem a document filed until it is entered, given prior to that point submitted documents may never become court records at all.  *See* PI Opp'n 3-4.  The amended RECS Rules thus provide the press and public access to newly filed civil cases at the same time that such access is provided to each court's justices, namely when they become court records.

*Second*, even if a four-business-hour entry period may properly be considered a "delay," Plaintiffs have not cited a single case in which a delay of such limited duration has been deemed unconstitutional.  In fact, at least one court has ruled that same day or next business day availability constitutes "contemporaneous" access.  *See Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 559 (E.D. Va. 2020).

The First Circuit's decision in *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497 (1st Cir. 1989), is both consistent with this understanding and not analogous to the circumstances here.  *See* Pls.' Opp'n 13.  The *Pokaski* court's indication in dicta that "even a one to two day delay impermissibly burdens the First Amendment," *Pokaski*, 868 F.2d at 507, is based on a Ninth

---

[4]  The district court in *Planet* defined the right of access as attaching to "newly filed civil complaints," but also indicated that such right exists "when new complaints are received by a court."  *Courthouse News Serv. v. Planet*, No. 11-cv-803, Am. Judgment for Declaratory Relief and Permanent Injunction, ECF No. 270, at 1 (C.D. Cal., Jan. 26, 2021).  The decision does not disclose when California courts deem a document filed, and the processing at issue is far more extensive in *Planet* than in this case.  *See* PI Opp'n 14 n.6.

Circuit case in which a 48-hour minimum sealing rule was invalidated, *id.* at 507 (citing *Assoc. Press v. U.S. Dist. Court for Cent. Dist. of Cal.*, 705 F.2d 1143, 1147 (9th Cir. 1983)).  Further, the statute at issue in *Pokaski*—which concerned the sealing of *existing court records*, not documents that have been submitted for filing, *id.* at 499—was invalidated based on evidence of delays of "far longer than 48 hours" in "most instances," *id.* at 507.  In fact, the statute did "not even suggest the possibility that access may be obtained once records have been sealed."  *Id.* at 507.  Here, by contrast, the amended RECS Rules on their face direct that access be provided as soon as a submission becomes a court record.

Any access delay is also amply justified.  Plaintiffs make little effort to challenge the SJC's interest in tying public accessibility to entry as a court record, namely the "fair and orderly administration of justice."  *Planet*, 946 F.3d at 596; *see also* Defs.' MTD 14 (discussing SJC's interest in avoiding disclosure of documents that are never filed and preventing use of courts to promote public scandal).  They instead simply assert, without explanation, that there is "no justification . . . that could possibly override the value of open court proceedings."  Pls.' Opp'n. 2.  But Plaintiffs have not plausibly alleged why a four-business-hour delay, or even one that spans a weekend, would in any way impair the ability of the press to report on—or the public to monitor—court proceedings.  Indeed, the electronic records system facilitates faster and more efficient access than under the former paper records system.  *See* PI Opp'n 14-15.

Plaintiffs also imply that the amended RECS Rules are not narrowly tailored to the SJC's interests because the SJC could provide contemporaneous access to Plaintiffs via a press review queue.  *See* Pls.' Opp'n 2, 9.  But providing a press review queue is not an alternative; it is a complete concession.  Plaintiffs have not explained how the provision of a press review queue—which would presumably provide special access to the press alone before a civil case is entered as

a court record—would even conceivably protect the SJC's interests.  And even if it did, given the

cost of Tyler Technologies products, Plaintiffs have not plausibly alleged that a press-review queue

is a financially viable alternative for the SJC.  *See* First Am. Compl. ¶ 41; *see also* Second Glessner

Decl. ¶¶ 11; *Planet*, 947 F.3d at 596 ("The First Amendment does not require courts, public entities

with limited resources, to set aside their judicial operational needs to satisfy the immediate

demands of the press.").

**CONCLUSION**

The Court should dismiss both Plaintiffs' First Amended Complaint and Intervenor's First

Amended Complaint.


Respectfully submitted,

Dated: April 23, 2021                          AARON M. FREY
                                               Attorney General

                                               /s/ Jason Anton
                                               JASON ANTON
                                               Assistant Attorney General

                                               THOMAS A. KNOWLTON
                                               Deputy Attorney General

                                               Office of the Attorney General
                                               6 State House Station
                                               Augusta, ME 04333-0006
                                               Tel. (207) 626-8800

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of April, 2021, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants as identified in the CM/ECF electronic filing system for this matter.

Dated: April 23, 2021

/s/ Jason Anton
JASON ANTON
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800